UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUIDEPOSTS A CHURCH CORPORATION, et al.,<br><br>　　　　　Plaintiffs,<br>v.<br>SMART KID'S PUBLISHING, INC., et al.,<br><br>　　　　　Defendants. | Civil No. 12-CV-2062 H (NLS)<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

　　　　Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on January 18, 2013.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

　　　　1.　　Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **March 15, 2013**.

　　　　2.　　All fact discovery shall be completed by all parties by **August 16, 2013**.  "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.  **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a)**.  The Court expects counsel to make every effort to resolve all disputes without court intervention

through the meet and confer process.  If the parties reach an impasse on any discovery issue, counsel shall, within forty-five (45) days of the date upon which the event giving rise to the dispute occurred, file a joint statement entitled, "Joint Motion for Determination of Discovery Dispute" with the Court (see attached "Chambers' Rules" on Discovery Disputes).  **A failure to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court**.

3. The parties shall designate their respective experts in writing by **September 16, 2013**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts shall be by **September 30, 2013**.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

4. By **October 30, 2013**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

5. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) by **November 15, 2013**.

6. All expert discovery shall be completed by all parties by **December 16, 2013**.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

7. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

8. All other pretrial motions must be filed **so as to be heard** by **January 17, 2014**.  Counsel

for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

9.      A Mandatory Settlement Conference shall be conducted on **February 5, 2014** at **9:30 a.m.** in the chambers of Magistrate Judge Nita L. Stormes. Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers by **January 29, 2014**. **All parties are ordered to read and to fully comply with the attached Chamber Rules.**

10.     Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **February 17, 2014**.

11.     Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **February 17, 2014**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

12.     Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **February 24, 2014**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rules of Civil Procedure 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

13.     Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **March 3, 2014**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

14.     The Proposed Final Pretrial Conference Order, including objections to any other parties'

Federal Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **March 10, 2014**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

15. The final Pretrial Conference is scheduled on the calendar of **Judge Marilyn L. Huff** on **March 17, 2014,** at **10:30 a.m.**.

16. The court directs the parties to review the chambers' rules for the assigned district judge and magistrate judge.

17. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

18. The dates and times set forth herein will not be modified except for good cause shown.

19. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

20. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

DATED: January 18, 2013

*/s/ Nita L. Stormes*
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

# CHAMBERS' RULES FOR MAGISTRATE JUDGE NITA L. STORMES

### A.     Discovery Disputes

If the parties have not resolved their dispute through the meet and confer process, counsel shall, within **forty-five (45) days of the date upon which the event giving rise to the dispute occurred (see (2) below)**, file a joint statement entitled "Joint Motion for Determination of Discovery Dispute" with the Court.

1. The joint statement is to include: (1) a declaration of compliance with the meet and confer requirement; (2) points and authorities (not to exceed 10 pages per side); and (3) a format in accordance with the "Sample Format" described below.

2. For oral discovery, the event giving rise to the discovery dispute is the receipt of the first copy of the transcript of the affected portion of the deposition. For written discovery, the event giving rise to the discovery dispute is the service of the initial response.

3. Any exhibits accompanying the joint statement shall also be filed.

4. Counsel shall not attach copies of any meet and confer correspondence to the joint statement.

The Court will either issue an order following the filing of the joint statement or will schedule a telephonic discovery conference.

### Sample Format: Joint Motion for Determination
### Of Discovery Dispute

**Request No. 1**: Any and all documents referencing, describing or approving the Metropolitan Correctional Center as a treatment facility for inmate mental health treatment by the Nassau County local mental health director or other government official or agency.

**Response to Request No. 1**: Objection. This request is overly broad, irrelevant, burdensome, vague and ambiguous and not limited in scope as to time.

**Plaintiff's Reason to Compel Production**: This request is directly relevant to the denial of Equal Protection for male inmates. Two women's jails have specifically qualified Psychiatric Units with certain license to give high quality care to specific inmates with mental deficiencies. Each women's psychiatric Unit has specialized professional psychiatric treatment staff (i.e., 24 hour psychiatric nurses full time, psychiatric care, psychological care, etc.). Men do not have comparable services. This request will document the discrepancy.

**Defendant's Basis for Objections**: This request is not relevant to the issues in the case. Plaintiff does not have a cause of action relating to the disparate psychiatric treatment of male and female inmates. Rather, the issue in this case is limited to the specific care that Plaintiff received. Should the Court find that the request is relevant, defendant request that it be limited to a specific time frame.

### B.     Settlement Conference Procedures

1.     **Attendance**: All parties, adjusters for insured defendants, and other representatives of a party **having full and complete authority to enter into a binding settlement**, and the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss settlement of the case. Full authority to settle means that the individuals at the settlement conference be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's

view of the case may be altered during the face-to-face conference. *Pitman*, 216 F.R.D. at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc*., 270 F.3d 590, 595-597 (8th Cir. 2001). Failure of any of the aforementioned to appear **in person** will result in the imposition of sanctions. Where settlement authority rests with a governing body, counsel shall propose special arrangements in advance for securing timely authority to settle.

    **2.**    **Settlement Conference Briefs**: All parties are required to lodge a **confidential** settlement brief before the Settlement Conference. Please refer to the Court's order for the due date for the brief. Settlement briefs should not exceed ten (10) pages in length, double spaced, exclusive of exhibits, if any. Copies of all documents that might enhance the productivity of negotiations (e.g., contracts, key correspondence or memos, reports of experts, photos, medical bills, wage loss statements, selected pages from deposition transcripts or responses to other discovery) should be attached as exhibits to the settlement briefs with significant portions highlighted for easy reference. Parties may also attach as exhibits helpful judicial opinions and information about the settlement or judgment value of comparable cases. Each brief shall set forth the following required confidential information:

    a.    A brief analysis of the key issues involved in the litigation;

    b.    A description of the strongest and weakest legal and factual points in the party's case;

    c.    A description of the strongest and weakest legal and factual points in the opponent's case;

    d.    The status of any settlement negotiations, including the last settlement proposal made by each party; and

    e.    The settlement proposal that the party is willing to make in order to conclude the matter and spare the further expense of litigation.

Parties should hand deliver, mail, or electronically mail the **original only** of settlement briefs directly to chambers. If the submission exceeds 20 pages, a paper copy **must** be delivered or mailed to chambers. FAX briefs will not be accepted. **Settlement briefs are confidential and shall not be served on opposing parties nor shall they be filed.**

Chambers of Magistrate Judge Nita L. Stormes<br>
940 Front Street, Suite 1101<br>
San Diego, CA 92101<br>
email: [efile_stormes@casd.uscourts.gov]